No.  90-079

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

STEVE KOONTZ,
      Plaintiff and Respondent,
-vs-
SKY COUNTRY, INC.,
      Defendant and Appellant.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
               In and for the County of Gallatin,
               The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        John P. Atkins, Bryan & Atkins, Bozeman, Montana

        For Respondent:

        Karl Knuchel, Livingston, Montana

Submitted: July 15, 1990

Decided: August 17, 1990

FILED
Filed:
AUG 17 1990
Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

Sky Country, Inc. appeals from a judgment entered in the District Court, Eighteenth Judicial District, Gallatin County, awarding Steve Koontz $3,768.66 in damages. We reverse the District Court.

The sole issue in this case is whether Koontz was entitled to $3,768.66 in "invalid trailer charges."

Sky Country is an interstate motor carrier based in Bozeman, Montana. The company engages the services of owner\operators who lease their tractor-trailer units to Sky Country to haul freight throughout the lower 48 states. Sky Country and Steve Koontz entered into such a lease agreement in November of 1985. Koontz leased to Sky Country his Mack tractor. Sky Country provided the trailer. Koontz, under the contract, was to pay for all repairs, driver's wages, fuel, insurance and vehicle maintenance. Koontz was to receive 75.43 percent of all profits in the venture. After each trip, Sky Country provided Koontz with settlement statements detailing gross revenues plus costs and expenses.

The parties terminated their relationship in November of 1986. Koontz brought suit in February, 1988, claiming money for unpaid fuel credits, trailer repairs, fines, over advance charges and for a trip which Koontz allegedly had not been paid. No claim for freight adjustment was ever made by Koontz.

Freight adjustments, in the words of Koontz, are made "whenever a load is short or damaged or late or something . . ."

2

In more practical terms, freight adjustments come about in this manner: The driver of the tractor-trailer is paid according to the goods he delivers. If the customer is dissatisfied with the amount or quality of the goods, he withholds a portion of the payment. As Sky Country has already made its estimate of the load's worth, it must adjust its figures. This adjusted amount is then reflected on the settlement statement provided to Koontz. The procedure is set forth in the parties' contract as follows:

> In the event damage or shortage is noted on a delivery receipt, Contractor [Koontz] assumes complete responsibility and liability for the contents of the load. Damages and shortages are to be charged back to the Contractor. Settlements may be withheld on the involved trip until the claim has been settled in full with the shipper or consignee, as the case may be.

While Koontz took issue at trial with freight adjustments totalling $3,768.66, he never included a claim for those charges in his complaint. The District Court took the offered evidence of the settlement statements detailing the freight adjustments under advisement. No testimony as to the validity or invalidity of the specific freight adjustments was offered at trial.

In the court's conclusion of law no. 7, it stated that "Plaintiff's claim for freight charges was not raised by the pleadings and therefore is barred." However, in the court's settling of accounts set out in conclusion of law no. 10, the court awards Koontz $3,768.66 in "invalid trailer charges." Sky Country made a motion for clarification of the award as to the "invalid trailer charges." The District Court denied the motion. This

3

appeal ensued.

Sky Country contends the lower court erred in awarding Koontz $3,768.66 in damages, denominated by the court as invalid trailer charges. Sky Country points out that Koontz raised a claim in his complaint for trailer repairs charged to him amounting to $4,774.24. The court ruled that those repairs were properly charged to Koontz. The only charges disputed by Koontz that totalled $3,768.66 were for freight adjustments. Sky Country submits that the lower court mistakenly awarded Koontz, in conclusion of law no. 10, the very same freight adjustment damages it had ruled were barred in conclusion of law no. 7.

We must concur with Sky Country. It is clear from the facts and the court's conclusions that it mislabeled the award. The amount of $3,768.66 is clearly freight adjustment, and, as such, was improperly awarded to Koontz, as (1) the contract provided that Koontz was to be responsible for such adjustments, and (2) the issue as to the validity of such charges was not properly raised in the initial or amended pleadings. Rule 15(a), M.R.Civ.P.

We reverse the judgment of the District Court as to damages awarded Koontz in the sum of $3,768.66.

_____
Justice

We Concur:

_____
Chief Justice

4

Justices